```
            DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| BANK OF NOVA SCOTIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2013-126 |
| | ) |
| OCEAN VIEW DEPARTMENT STORE, INC. | ) |
| d/b/a ISLAND FAIR DEPARTMENT STORE, | ) |
| HAYTHAM ABDALLAH, FATINA ABDALLAH, | ) |
| NADIRA ALTHUNEIBAT, MUHAMMAD MANSOOR | ) |
| THUNEIBAT, WEST ESSEX BUILDER'S | ) |
| SUPPLY, INC., AND THE UNITED STATES OF | ) |
| AMERICA (INTERNAL REVENUE SERVICE), | ) |
| | ) |
| Defendants. | ) |

**ATTORNEYS:**

**Carol Ann Rich, Esq.**
**Lenehn Ning Ricks**
Dudley Rich Davis LLP
St. Thomas, VI
  *For the plaintiff,*

**Ronald Sharpe, United States Attorney**
**Jason T. Cohen, AUSA**
**Joycelyn Hewlett, AUSA**
United States Attorney's Office
St. Thomas, VI
  *For the defendant United States,*

**Haytham Abdallah**
**Fatina Abdallah**
**Nadira Althuneibat**
**Muhammad Mansoor Thuneibat**
  *Pro se defendants,*

**Ocean View Department Store, Inc. d/b/a Island Fair Department Store**
**West Essex Builders Supply, Inc.**
  *Unrepresented entities.*

**JUDGMENT**

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Bank of Nova Scotia, for default judgment against the defendants Ocean View Department Store, Inc. d/b/a Island Fair Department Store; West Essex Builders Supply, Inc.; Haytham Abdallah; Fatina Abdallah; Nadira Althuneibat; and Muhammad Mansoor Thuneibat. The Bank of Nova Scotia also moves for summary judgment against the United States. The United States does not oppose the motion.

Upon consideration of the record, the Court finds the following facts:

1. On June 26, 2007, Ocean View Department Stores, Inc. d/b/a Island Fair Department Store ("Ocean View") obtained an overdraft credit facility loan for $250,000 from the Bank of Nova Scotia ("BNS").

2. The loan was evidenced by a promissory note (the "Ocean View Note"), which was executed and delivered to BNS on June 26, 2007. Pursuant to the note, Ocean View was to repay BNS interest monthly on the daily loan balance at the prime lending rate plus 3%.

3. The Ocean View Note also granted BNS a security interest in Ocean View's book debts, inventory, and equipment and goods.

4. Haytham Abdallah ("H. Abdallah"), Fatina Abdallah ("F. Abdallah"), Nadira Althuneibat ("N. Althuneibat"), and Monsoor Althuneibat ("M. Althuneibat") (collectively the "Guarantors") executed unlimited personal guaranties, agreeing to be liable for the Ocean View Note.

5. H. Abdallah, F. Abdallah, and M. Althuneibat were the record owners of property described as:

>   Parcel No. 13-E Estate Solberg
>   Little Northside Quarter,
>   St. Thomas, U.S. Virgin Islands
>   as shown on PWD No. D9-6427-T98

   (the " 13-E Property").

6. On July 20, 2007, H. Abdallah, F. Abdallah, and M. Althuneibat executed a mortgage which secures the payment of the Ocean View Note (the "13-E Mortgage"). The 13-E Mortgage is attached to the 13-E Property. The 13-E Mortgage terms give BNS the right to accelerate payment in the event of default on the Ocean View Note. The 13-E Mortgage also gives BNS the right to foreclose on the 13-E Property in the event of default on the loan.

7. The 13-E Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on July 20, 2007.

8. On November 16, 2007, H. Abdallah and M. Althuneibat borrowed $880,000 from BNS.

9. The November 16, 2007, loan was evidenced by a promissory note (the "Abdallah Note"), which was executed and delivered on November 16, 2007. The Abdallah Note provides that it is a construction loan, with payments due each month in the amount of accrued interest. The Abdallah Note also provided that on completion of the construction project, the loan would convert to an installment note. On conversion to an installment note, payments on both the principal and interest would be made monthly. The Abdallah Note stated that the loan would amortize over thirty years.

10. H. Abdallah, F. Abdallah, M. Althuneibat, and N. Althuneibat were record owners of property described as:

> Parcel No. 13-D Estate Solberg
> No. 1 Little Northside Quarter,
> St. Thomas, U.S. Virgin Islands
> as shown on PWD No. D9-6427-T98

(the " 13-D Property").

11. On November 16, 2007, H. Abdallah, F. Abdallah, N. Althuneibat, and M. Althuneibat executed a mortgage which secures the payment of the Abdallah Note (the "First 13-D Mortgage"). The First 13-D Mortgage is attached to the 13-D Property. The First 13-D Mortgage terms give BNS the right to accelerate payment in the event of default on the Abdallah Note. The First 13-D Mortgage also gives BNS the

right to foreclose on the 13-D Property in the event of default on the loan.

12. On November 16, 2007, F. Abdallah, H. Abdallah, M. Althuneibat, and N. Althuneibat executed another mortgage (the "Second 13-D Mortgage") on the 13-D Property, which further secures payment of the Abdallah Note for the amount of $165,000.

13. The Second 13-D Mortgage is attached to the 13-D Property. The Second 13-D Mortgage terms give BNS the right to accelerate payment in the event of default. The Second 13-D Mortgage also gives BNS the right to foreclose on the 13-D Property in the event of default on the loan.

14. The First 13-D Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on November 16, 2007, as Doc. No. 2007009782.

15. The Second 13-D Mortgage was also recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on November 16, 2007, as Doc. No. 2007009783.

16. M. Althuneibat died intestate on December 6, 2007. His estate was probated by the Superior Court of the Virgin Islands in Probate No. ST-12-PB-11. His heirs at law were determined by the Superior Court to be N. Althuneibat and Muhammad Mansoor Thuneibat ("Thuneibat").

17. In October of 2010, H. Abdallah and F. Abdallah borrowed $50,000 from West Essex Builders Supply, Inc. ("West Essex"). The loan was evidenced by a promissory note (the "West Essex Note").

18. The West Essex Note was secured by mortgages on the 13-E and 13-D Properties (the "13-E West Essex Mortgage" and "13-D West Essex Mortgage" respectively)(collectively the "West Essex Mortgages").

19. The West Essex Mortgages were both executed on October 21, 2010. The West Essex Mortgages were both recorded on June 24, 2011. The 13-E West Essex Mortgage is recorded as Doc. No. 2011004435. The 13-D West Essex Mortgage is recorded as Doc. No. 2011004436.

20. H. Abdallah and Thuneibat failed to make payment as required under the terms of the Abdallah Note and the First 13-D Mortgage and Second 13-D Mortgage.

21. BNS declared the entire amount of unpaid principal with accrued interest under the Abdallah Note due and payable. BNS provided written notice of the default to H. Abdallah and sent written notice to the address for M. Althuneibat on July 31, 2012. H. Abdallah, N. Althuneibat, and Thuneibat remain in default under the Abdallah Note.

22. Ocean View failed to make payments as required under the terms and conditions of the Ocean View Note and 13-E Mortgage.

23. BNS declared the entire unpaid principal with accrued interest under the Ocean View Note due and payable. Written notice was sent on January 2, 2013, advising Ocean View and the Guarantors of the default, and demanding immediate payment on the Ocean View Note. Ocean View and the Guarantors remain in default.

24. On August 12, 2013, the United States Internal Revenue Service (the "IRS") filed a federal tax lien against H. Abdallah (the "Tax Lien").

25. To date, H. Abdallah and Thuneibat remain in default under the Abdallah Note. The total amount currently due and owing is $1,075,523.81.

26. To date, Ocean View and the Guarantors remain in default under the Ocean View Note. The total currently due and owing is $144,566.79.

27. BNS filed the instant debt and foreclosure action on October 18, 2013, in the Superior Court of the Virgin Islands.

28. H. Abdallah, F. Abdallah, N. Althuneibat, Thuneibat, Ocean View, and West Essex did not answer or otherwise appear.

29. The Superior Court entered default against H. Abdallah, F. Abdallah, N. Althuneibat, Thuneibat, Ocean View, and West Essex.

30. The IRS removed this action to this Court on January 19, 2013.

31. On December 20, 2013, the IRS filed an answer to the complaint.

32. BNS moved for default judgment against H. Abdallah, F. Abdallah, N. Althuneibat, Thuneibat, Ocean View, and West Essex on June 12, 2014.

33. BNS also moved for summary judgment against the IRS on June 12, 2014. On July 7, 2014, the IRS filed a notice informing the Court that it does not oppose the motion for summary judgment.

34. As of May 29, 2014, the amount due to BNS under the Ocean View Note was $144,566.71.[1] Interest accrues at the rate of $21.66 each day thereafter until the date of judgment.

35. As of May 29, 2014, the amount due to BNS under the Abdallah Note was $1,075,523.81.[2] Interest accrues at the rate of $103.67 each day thereafter until the date of judgment.

---

[1] This figure consists of $129,964.61 of principal, and $14,602.10 of accrued interest.
[2] This figure consists of $938,512.25 of principal, $73,087.53 of accrued interest, late fees of $2,398, and $61,525.78 in add-on charges for insurance.

36. H. Abdallah, F. Abdallah, N. Althuneibat, and Thuneibat are not infants, incompetent, or in the military services of the United States.

The premises considered, it is hereby

**ORDERED** that BNS's motions for default and summary judgment are **GRANTED**; it is further

**ORDERED** that Haytham Abdallah, Fatina Abdallah, Nadira Althuneibat, Muhammad Mansoor Thuneibat, and Ocean View are jointly and severally liable to BNS for the sum of $144,566.79, reflecting their total indebtedness under the Ocean View Note. Interest continues to accrue on this amount at the rate of $21.66 per diem until the date of this Judgment, and thereafter at the statutory rate; it is further

**ORDERED** that Haytham Abdallah, Nadira Althuneibat, and Muhammad Mansoor Thuneibat are jointly and severally liable to BNS for the sum of $1,075,523.81, reflecting their total indebtedness under the Abdallah Note. Interest continues to accrue on this amount at the rate of $103.67 per diem until the date of this Judgment, and thereafter at the statutory rate; it is further

**ORDERED** that as to the 13-E Property, the 13-E Mortgage is a first priority lien, the 13-E West Essex Mortgage is a second priority lien, and the IRS Tax Lien is a third priority lien ; it is further

**ORDERED** that as to the 13-D Property, the First 13-D Mortgage is a first priority lien, the Second 13-D Mortgage is a second priority lien, the 13-D West Essex Mortgage is a third priority lien, and the IRS Tax Lien is a fourth priority lien ; it is further

**ORDERED** that the 13-E Mortgage, and any liens subsequent to it, are hereby foreclosed; it is further

**ORDERED** that the First 13-D Mortgage, and any liens subsequent to it, are hereby foreclosed; it is further

**ORDERED** that the aforesaid liens shall be foreclosed and the 13-E Property and 13-D Property shall be sold by the United States Marshal according to law and the proceeds of such sales shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of BNS, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by BNS for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application

of the proceeds as provided above, shall be returned to the debtor; and it is further

    **ORDERED** that:

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notices of the Marshal's sales shall be posted for four (4) weeks prior to the sales in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sales in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the 13-E Property and 13-D Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sales shall be as follows:

   a. The 13-E Property and 13-D Property shall be sold, each as a whole, at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

   b. BNS may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

   c. The terms of the sales as to all other persons or parties bidding shall be cash.

      d.    The successful bidder on the 13-E Property and the successful bidder on the 13-D Property shall be required to deposit with the United States Marshal cash equal to ten percent of his or her total bids at or before 5:00 p.m. on the date of the sale of the respective property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the respective property.

      e.    The United States Marshal shall make his report of the sale of each property within ten days from the date of the sale.

3.    BNS shall have any and all writs necessary to execute the terms of this Judgment.

 

S\_____
**CURTIS V. GÓMEZ**
**District Judge**